UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW E. LEWIN, individually and as Trustee :
of the Regina Gruss Trust f/b/o Andrew Lewin, :
CLEMENT LEWIN, as Trustee of the Regina :
Gruss Trust f/b/o Andrew Lewin, and MARINA :
LEWIN, in their individual capacity and :
Derivatively on behalf of Lipper Convertibles, L.P., :
:
      Plaintiffs, :
: 03 Civ. 1117 (RMB)
  -against- :
:
LIPPER CONVERTIBLES, L.P., LIPPER :
HOLDINGS, LLC, LIPPER & COMPANY, L.P., :
KENNETH LIPPER, ABRAHAM BIDERMAN, :
and PRICEWATERHOUSECOOPERS LLP, :
:
      Defendants. :
------------------------------------------------------------X
CILP ASSOCIATES, L.P. and COHEN POOLED :
ASSETS L.P., :
:
      Plaintiffs, :
: 03 Civ. 2632 (RMB)
  -against- :
: **DECISION & ORDER**
LIPPER CONVERTIBLES, L.P., LIPPER :
HOLDINGS, LLC, LIPPER & COMPANY, L.P., :
KENNETH LIPPER, ABRAHAM BIDERMAN, :
and PRICEWATERHOUSECOOPERS LLP, :
:
      Defendants. :
------------------------------------------------------------X

**I. Background**

   By Opinion and Order, dated November 17, 2010 ("Order"), the Court granted a motion

for summary judgment filed by Defendant PricewaterhouseCoopers LLP ("PwC") in the above-

captioned cases. (See Order, dated Nov. 17, 2010, at 14, 18 ("Plaintiffs [Andrew E. Lewin,

Clement Lewin, Marina Lewin, CILP Associates, L.P., and Cohen Pooled Assets, L.P.

(collectively, 'Plaintiffs')] have failed to establish standing because the evidence presented shows that, although their claims are denominated as direct, Plaintiffs have, in fact, suffered only [indirectly] through diminution in the value of their share in" Lipper Convertibles, L.P. ("Convertibles" or "Partnership"); and "Plaintiffs have failed to establish either the fact of damages or the means of calculation of same." (internal quotation marks and alterations omitted) (citing Continental Cas. Co. v. PricewaterhouseCoopers, LLP, 933 N.E.2d 738, 741 (N.Y. 2010))).)

On December 1, 2010, Plaintiffs, who are limited partners in Convertibles, moved for reconsideration of the Court's Order. (See Notice of Pls.' Mot., dated Dec. 1, 2010.) Plaintiffs contend, among other things, that the Court (1) "overlooked evidence in the record, including information detailed in [a plan ('Revised Distribution Plan') developed by accounting firm BDO Seidman LLP ('BDO Seidman') for Convertibles's state court liquidation proceedings,] that [P]laintiffs incurred direct injury"; (2) mistakenly attributed to Plaintiffs a concession that the Revised Distribution Plan assumes no inflated "mispricing of Convertibles in the first place"; (3) "wrongly gave conclusive weight" to PwC's expert, Chudozie Okongwu, Ph.D.; and (4) incorrectly determined that a federal securities plaintiff "cannot proceed without a damages expert and that [P]laintiffs did not suffer any damages." (Mem. of Law in Supp. of Pls.' Mot. to Reconsider and to Alter or Amend the J., dated Dec. 1, 2010 ("Pls. Mem."), at 1–2, 9; see Pls.' Counterstatement of Add'l Material Facts, dated July 15, 2010 ("Pls. 56.1" or "Rule 56.1 Statement"), ¶ 146.)

On December 22, 2010, PwC filed an opposition arguing that (1) it is "apparent from the face of the [Order] that the Court did not overlook" the BDO Seidman evidence referred to by Plaintiffs; (2) "[t]he Court merely observed" Plaintiffs' statement "as a parenthetical aside" not

"necessary to the Court's decision on the merits," but, in any event, BDO Seidman itself does "not attest to historical mispricing as of any particular date – including the dates of Plaintiffs' investments"; (3) the Court "plainly determined that [Dr. Okongwu's] opinion merited consideration notwithstanding Plaintiffs' objections, and explained why Plaintiffs had failed to meet their burden in responding to [his] showing"; and (4) PwC's "argument on damages was prominently featured in its summary judgment motion," which "was not lost on Plaintiffs," as reflected in their opposition.  (PwC's Mem. in Opp'n to Pls.' Mot., dated Dec. 22, 2010 ("PwC Mem."), at 3, 5–6 (citing Pls.' Mem. of Law in Opp'n to Mot. for Summ. J., dated July 15, 2010, at 1–2).)

On January 3, 2011, Plaintiffs filed a reply, in which Plaintiffs appear to contend, in response to PwC's observation that "Plaintiffs do not cite any controlling decisions . . . that were overlooked by the Court" (PwC Mem. at 2), that the Court committed "clear error" and "manifest injustice" by awarding summary judgment for PwC (Reply Mem. of Law in Supp. of Pls.' Mot., dated Jan. 3, 2011 ("Pls. Reply"), at 1 (internal quotation marks omitted).)

**For the reasons set forth below, Plaintiffs' Motion for Reconsideration is denied.**

II.     **Legal Standard**

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly," Cartier v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotation marks omitted), and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Manhattan Telecomm. Corp. v. Global Naps, Inc., No. 08 Civ. 3829, 2010 WL 2976498, at *1 (S.D.N.Y. July 12, 2010) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see United States v.

Painting Known as "Le Marche", No. 06 Civ. 12994, 2010 WL 2229159, at *3 (S.D.N.Y. May 25, 2010). "[A] motion for reconsideration is not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion." Eon Labs, Inc. v. Pfizer Inc., No. 05 Civ. 2, 2005 WL 2848952, at *3 (S.D.N.Y. Oct. 28, 2005) (internal quotation marks omitted).

### III.   Analysis

#### (1) BDO Seidman Revised Distribution Plan

The Court in its Order has (already) addressed Plaintiffs' arguments regarding BDO Seidman. (See Order at 15–16.) It determined that Plaintiffs had "fail[ed] to point to anything in the BDO Seidman reports that demonstrates that Plaintiffs received less value on the dates of their investments than they paid for." (Order at 15–16.) "A motion for reconsideration is not an occasion to repeat arguments previously considered by a court and rejected." Yan Ping Xu v. City of New York, No. 08 Civ. 11339, 2010 WL 4878949, at *4 (S.D.N.Y. Dec. 1, 2010); see Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

Fraternity Fund Ltd. v. Beacon Hill Asset Management LLC, 376 F. Supp. 2d 385, 403 (S.D.N.Y. 2005), involving motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), was not overlooked by the Court (see Pls. Mem. at 5; Pls. Reply at 4), nor does it provide grounds for reconsideration because, among other reasons, it did not address whether plaintiffs had "met their burden upon summary judgment of showing that they have a direct, personal interest in the cause of action to bring suit" (Order at 14–15 (internal quotation marks and alterations omitted)); see also Lewin v. Lipper Convertibles, L.P., No. 03 Civ. 1117, 2004 WL 1077930 (S.D.N.Y. May 13, 2004); CILP Assocs. v. Lipper Convertibles, L.P., No. 03 Civ. 2632, 2004 WL 1077991 (S.D.N.Y. May 13, 2004); (Order at 3–4.) "Plaintiffs have a heavier

burden when opposing a motion for summary judgment." In re N. Telecom Ltd Sec. Litig., 116 F. Supp. 2d 446, 465 n.8 (S.D.N.Y. 2000); see McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).

**(2) No Evidence of Direct Injury**

Plaintiffs stated in their Rule 56.1 Statement that the BDO Seidman Revised Distribution Plan "by definition, as applied by Mr. Okongwu on behalf of PwC, assumes no mispricing of Convertibles in the first place." (Pls. 56.1 ¶ 146.) Accordingly, the Court observed in a parenthetical in the Order that "Plaintiffs point out that the Revised Distribution Plan assumes no . . . inflated 'mispricing of Convertibles in the first place.'" (Order at 16 (quoting Pls. 56.1 ¶ 146).) Even assuming, for purposes of this motion, that Plaintiffs referred to the Revised Distribution Plan, "as interpreted and applied by PwC's expert" (Pls. Mem. at 1 (emphasis in Pls. Mem.)), the Court's conclusion that Plaintiffs failed to meet their burden of "com[ing] forward with proof that they suffered an injury distinct from that suffered by Convertibles" is the same (Order at 16 (quoting Continental, 933 N.E.2d at 741).) That is, as noted in the Order, Plaintiffs failed to "present[] any evidence of the alleged actual value of their investments at the time Plaintiffs invested or the difference between that value and the prices they paid," and "[i]ndeed, BDO Seidman expressly state that they were not asked to develop an opinion regarding whether the values of the securities contemporaneously reported by Convertibles were appropriate at any specific point in time." (Order at 16–17 (internal quotation marks and alterations omitted).)

**(3) PwC's Expert**

Plaintiffs misconstrue the Court's reference to Dr. Okongwu. (See Pls. Mem. at 1–2, 7–9; Pls. Reply at 5.) After finding that PwC had "with the help of expert testimony met its initial burden of demonstrating the absence of a genuine issue of material fact as to the existence of a

direct – as opposed to derivative – injury" (which finding Plaintiffs do not appear to challenge), the Court concluded that Plaintiffs had not met their "affirmative duty [of] direct[ing] the court's attention to those specific portions of the record on which they rely to create a genuine issue of material fact."  (Order at 15 (citing FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010); Fed. R. Civ. P. 56(e).)  It is axiomatic that "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (emphasis added); see also Adelphia Recovery Trust v. Bank of Am., N.A., No. 05 Civ. 9050, 2010 WL 2077214, at *4 (S.D.N.Y. May 14, 2010).

    **(4) Damages**

    The issues of damages addressed in the Order were integral to PwC's motion for summary judgment.  (See PwC's Mem. of Law in Supp. of Mot. for Summ. J., dated May 28, 2010 ("PwC SJ"), at 26 ("Plaintiffs have not offered any evidence that they suffered a unique, personal loss."); PwC SJ at 12 ("Plaintiffs have not proffered an expert to address their claimed damages."); PwC SJ ("Plaintiffs have failed to adduce evidence of a non-derivative injury."); PwC's Reply Mem. in Further Supp. of Mot. for Summ. J., dated July 29, 2010, at 10 ("Plaintiffs . . . cannot proceed to trial by simply denying that Dr. Okongwu's opinions are correct."); see also Order at 15–18.)  And, because, among other reasons, the parties discussed the New York Court of Appeals's decision in Continental, which resolved substantially similar issues to those presented here (against substantially similarly situated limited partners in Convertibles), see 933 N.E.2d at 741–42, Plaintiffs are hard pressed to persuasively contend that they missed an opportunity to "strongly resist[]" summary judgment on these grounds (Pls.

Reply at 1); see Dempsey v. Town of Brighton, 749 F. Supp. 1215, 1220–21 (W.D.N.Y. 1990) (citing Prevost, 722 F.2d at 969).

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration [#84] is denied.

Dated: New York, New York
January 6, 2011

*/s/ RMB*

**RICHARD M. BERMAN, U.S.D.J.**

7